**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RIFAT SHAFIQUE,

     *Plaintiff*,

  v.

UNITED STATES MARSHALS SERVICE,

     *Defendant*.

Civil Action No. 24-3254 (TJK)

## <ins>MEMORANDUM OPINION</ins>

This case "is yet another iteration" of Rifat Shafique's "wrongful eviction claim arising from [her] landlord-tenant matter in the Superior Court of the District of Columbia that has been litigated, more than once, across five different local and federal courts." *Shafique v. United States Marshals Serv.*, 24-cv-03041 (UNA), 2024 WL 5401587, at *1 (D.D.C. Dec. 19, 2024), *dismissed*, No. 25-5026, 2025 WL 2299443 (D.C. Cir. June 3, 2025) (citation modified).[1]  Here, Shafique sued the U.S. Marshals Service in Superior Court, claiming that the agency unlawfully evicted her without a valid writ.  The Marshals Service removed the case and now moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim.  The Court agrees it lacks jurisdiction, and so it will grant the motion and dismiss the case.

---

[1] *See, e.g.*, *Shafique v. Equity Residential Mgmt. LLC*, 24-cv-1253 (UNA), 2024 WL 3566206, at *1 (D.D.C. July 24, 2024), *aff'd sub nom.*, *Shafique v. Equity Residential Real Est. Inv. Tr.*, No. 24-7129, 2025 WL 2911212 (D.C. Cir. Oct. 14, 2025); *Shafique v. 1500 Mass. Ave. Apts.*, 24-cv-3107 (UNA), (D.D.C. Dec. 18, 2024), *dismissed*, No. 25-7014 (D.C. Cir. May 1, 2025); *Shafique v. Equity Residential Real Est. Inv. Tr.*, 24-cv-00380 (UNA), 2024 WL 1989113, at *1 (D.D.C. May 1, 2024), *motion for relief from judgment denied*, 24-cv-00380 (UNA), 2024 WL 4534185 (D.D.C. July 29, 2024).

## I.    Background

Shafique alleges that the Marshals Service evicted from her apartment in March 2023.  ECF No. 1-1 at 9–10.  She characterizes her suit as a "tort action" for "illegal policing," "wrongful detainer," and "unlawful eviction" because, she alleges, the Marshals Service did not possess a lawful writ.  *Id.* ¶¶ 1, 3, 11–12.  She asserts that the Marshals Service acted in violation of the Fourth Amendment, several civil rights statutes, as well as the Federal Rules of Evidence and Civil Procedure.  *See id.* at 15, 22, 26.  She seeks millions in damages, a declaration of her right to the repossessed apartment, and the return of the apartment and all property that was seized.  *See id.* at 13.

In October 2024, Shafique sued, and the next month, the Marshals Service removed the case.  *See* ECF No. 1.  The Marshals Service now moves to dismiss, arguing that the Court lacks subject-matter jurisdiction and that the complaint fails to state a claim.  *See* ECF No. 35.

## II.    Legal Standard

"Federal [district] courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Under Rule 12(b)(1), the plaintiff bears the burden to establish the Court's subject-matter jurisdiction.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).  In evaluating such a motion, the Court must "assume the truth of all material factual allegations in the complaint and . . . grant[] [the] plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  "However, those factual allegations receive closer scrutiny than they do in the Rule 12(b)(6) context," and the Court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim."  *Doe v. WMATA*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020) (citation modified).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff states a facially plausible claim when she pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014).  But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Because Shafique proceeds pro se, the Court construes her filings liberally.  *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation omitted).  That means, among other things, considering factual allegations from all her filings, not just her complaint.  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015).  But none of that absolves her of the need to plead facts that plausibly establish subject-matter jurisdiction and a claim for relief.  *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

## III.    Analysis

The Court must dismiss Shafique's case for lack of subject-matter jurisdiction because she has not shown that the Marshals Service has waived sovereign immunity for any of her claims.

### A.    The Court Lacks Subject-Matter Jurisdiction Over All Claims Clearly Alleged in the Complaint Because Sovereign Immunity Bars Them

A court's subject-matter jurisdiction is limited by the doctrine of sovereign immunity, which "bars lawsuits against the United States, its agencies[,] and its employees sued in their official capacities, absent an unambiguous waiver by the federal government." *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017*), aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir.

Dec. 19, 2018).  In such suits, the plaintiff bears the burden to prove that the United States has waived its sovereign immunity.  *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 123 (D.D.C. 2016).  Such a waiver "must be unequivocally expressed in statutory text, . . . will not be implied, . . . [and] will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  "As a component of a federal agency—the United States Department of Justice—[the United States Marshals Service] enjoys sovereign immunity."  *Williams v. Washington D.C. Eviction Marshals*, 15-cv-1801 (KBJ), 2016 WL 6082019, at *3 (D.D.C. Oct. 17, 2016) (Jackson, J.).  Shafique purports to sue under the Fourth Amendment, the Civil Rights Act of 1871—codified at 42 U.S.C. §§ 1981–86—the Federal Rules of Evidence, and the Federal Rules of Civil Procedure.  But she has not shown a waiver of the Marshals Service's sovereign immunity with respect to any claim brought on those grounds.

With respect to Shafique's constitutional tort claim, the United States "has not rendered itself liable" for such claims for damages, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), including those brought under the Fourth Amendment, *see Jones v. NIH Police Dep't*, 404 F. Supp. 2d 1, 3 (D.D.C. 2005).  Nor has it waived sovereign immunity for claims under the Civil Rights Act of 1871, 42 U.S.C. §§ 1981–1983, 1985–1986. *See Jarvis v. Kijakazi*, No. 22-5279, 2023 WL 2815967, at *1 (D.C. Cir. Apr. 5, 2023).  And in any case, those statutes "do not apply to actions against the United States" or federal agencies, *see Jarvis v. DeJoy*, 23-cv-01970 (UNA), 2023 WL 4824736, at *1 (D.D.C. July 27, 2023) (citation omitted), *aff'd*, No. 23-5182, 2023 WL 8177118 (D.C. Cir. Nov. 27, 2023).  Of course, Shafique's passing references to several Federal Rules of Civil Procedure and Evidence fare no better.  None waive the Marshals Service's sovereign immunity or even provide a cause of action.  *Cf. Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."); *Pikulin v. United States*, 97 Fed. Cl. 71, 76–77 (2011) ("The Federal

4

Rules of Evidence do not create an enforceable right for money damages against the United States.").[2]

Indeed, Shafique all but concedes that sovereign immunity operates as described above, *see* ECF No. 39 at 2 ("Plaintiff does not dispute whether the United States waives [s]overeign immunity."), but insists these claims can still proceed because she "has complied with the common-law requirement to move forward with litigation" and "has a private cause of action against individual culpable entities." *Id.* Not so. While "there is no sovereign immunity bar" to "damages" claims against a "defendant [sued] in his personal, individual capacity," *Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984), Shafique sues only the Marshals Service—a federal agency—not any individual in a personal capacity.

Sovereign immunity also bars any claim for relief other than money damages that Shafique alleges. True, sovereign immunity generally does not bar prospective injunctive or other equitable relief in suits against federal *officers. See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 (1984) (citing *Ex parte Young*, 209 U.S. 123, 160 (1908)). But to repeat, Shafique does not sue any federal officer, but a federal agency. Nor, for that matter, does Shafique seek equitable relief. Rather, apart from damages, she seeks a declaration of her right to the repossessed apartment, as well as return of the apartment and all her belongings seized. *See* ECF No. 1-1 at 13, 16. The latter two claims are those for ejectment (the assertion of a right to real property) and replevin (the assertion of a right to personal property)—and both are actions at law redressable by legal

---

[2] Shafique also purports to sue under the District of Columbia Housing Code. *See* ECF No. 1-1 at 13 (citing D.C. Code § 36-403(b)); ECF No. 10-1 at 5 (citing D.C. Code § 41-3404.02). But, as those statutes "w[ere] enacted by the D.C. City Council, and not the United States Congress," they "cannot waive federal sovereign immunity." *Jarvis v. Kijakazi*, 21-cv-1523 (DLF), 2022 WL 4464985, at *2 (D.D.C. Sept. 26, 2022) (quoting *Jordan v. Evans*, 404 F. Supp. 2d 28, 31 (D.D.C. 2005)).

remedies. *See Krippendorf v. Hyde*, 110 U.S. 276, 280 (1884) ("[A]n action of replevin" is "[t]he only *legal* remedy . . . adequate for the purpose of protecting and preserving [a] right to the possession of . . . property") (emphasis added); *Fenn v. Holme*, 62 U.S. 481, 483 (1858) ("[A]n action of ejectment" is "an attempt to assert at law, and by a *legal* remedy, a right to real property" and "possession of land") (emphasis added).[3]

For these reasons, Shafique has not shown that the Marshals Service has waived sovereign immunity for any of the claims she asserts in her complaint. So the Court lacks subject-matter jurisdiction over them, and they must be dismissed.

## B.     The Court Lacks Subject-Matter Jurisdiction Over Any Claim Under the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") "is the sole avenue by which [a plaintiff] may seek money damages from 'the United States . . . for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while

---

[3] The Court lacks subject-matter jurisdiction over Shafique's ejectment and replevin claims for another reason: she lacks standing to bring them. She does not allege that the Marshals Service has control over the disputed apartment or her personal belongings. Nor is there any reason to suspect it does. District of Columbia law provides that "[a]t the time of eviction, the *housing provider* shall . . . take legal possession of the rental unit," D.C. Code § 42-3505.01a(c)(1), and that, in general, any property not retrieved by an evicted tenant shall be deemed "abandoned property," *id.* § 42-3505.01a(d)(5)(A), which "the *housing provider* shall dispose of . . . in any manner not prohibited . . . by law," *id.* § 42-3505.01a(d)(5)(C) (emphasis added). Thus, following Shafique's eviction, possession of her apartment and any property inside reverted by law to her landlord, not the Marshals Service. That matters because Shafique has only sued the Marshals Service here. And if "the government does not possess the property claimed[,] the Court would lack power to order its return or fashion other relief." *Ford-Bey v. United States*, 19-cv-2039 (BAH), 2020 WL 32991, at *13 (D.D.C. Jan. 2, 2020), *aff'd*, No. 21-5053, 2021 WL 2525374 (D.C. Cir. June 2, 2021). In other words, even if Shafique obtained "a favorable decision" in this action against the Marshals Service, the Court would lack the power to order the return of the apartment and her belongings. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citation modified). For that reason, she lacks standing to seek that relief. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[P]laintiffs must demonstrate standing for each claim that they press *and for each form of relief that they seek*.") (emphasis added).

6

acting within the scope of his office or employment.'" *Lyles v. Hughes*, 83 F. Supp. 3d 315, 322 (D.D.C. 2015), *aff'd in part*, No. 15-5106, 2015 WL 9007382 (D.C. Cir. Oct. 30, 2015) (quoting 28 U.S.C. § 1346(b)(1)).  Although Shafique does not explicitly bring a claim under the FTCA, construing the complaint liberally, any such claim she alleges fails for lack of subject-matter jurisdiction as well, for several reasons.

First, "[a]n FTCA claim may only be brought against the United States itself, not against its components or officers" and "[h]ere, Plaintiff has failed to sue the United States, as required." *Noha v. Union Station Washington D.C. Female Sec. Guard*, 25-cv-01046 (UNA), 2025 WL 2239254, at *3 (D.D.C. Aug. 5, 2025).  This alone dooms her complaint.

Second, Shafique has not pleaded an actionable tort under the FTCA, which is also a jurisdictional problem.  *See Brownback v. King*, 592 U.S. 209, 218 n.8 (2021) ("In cases such as this one where a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element, the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6).").  Rather, she sues the Marshals Service for "intentional denial of [her] rights, . . . willful and deliberate condoning of an unlawful eviction," and "intentional[] refus[al] to investigate this matter or exercise any action necessary to uphold law and order in accordance with its own duties and responsibilities."  ECF No. 1-1 ¶¶ 13–14.  As the Marshals Service argues, these claims are barred under FTCA section 2680(h), which "excludes intentional torts, such as 'wrongful eviction,' conversion or interference with contractual rights (such as those of a tenant in a lease)," as well as section 2680(c), which excludes "claims arising out of detention of goods not subject to criminal forfeiture proceedings."  ECF No. 35-1 at 15 (citation modified).

To be sure, the FTCA's intentional tort bar is not as broad as the Marshals Service would have it.  While section 2680(h) generally precludes *some* intentional torts, it "does not remove from the FTCA's waiver *all* intentional torts," *Levin v. United States*, 568 U.S. 503, 507 n.1 (2013)

7

(emphasis added), nor does it—at least expressly—bar claims for "conversion," *id.*, or wrongful eviction. That said, Shafique does not address the Marshals Service's argument that, because her claims are essentially those for "interference with [a tenant's] contractual rights . . . in a lease" and "return of detained goods not subject to criminal forfeiture proceedings," they are barred by FTCA section 2680(h) and section 2680(c) respectively. ECF No. 35-1 at 15. Thus, the Court treats those arguments as conceded, and concludes that that it lacks subject-matter jurisdiction over these claims.[4] *See Wuterich v. Murtha*, 562 F.3d 375, 387 (D.C. Cir. 2009) ("Because the FTCA excepts tort claims" falling under 28 U.S.C. § 2680(h) "from the Government's sovereign immunity waiver, [such claims are] barred by sovereign immunity. Accordingly, the District Court will be required to dismiss [those claims] for lack of subject-matter jurisdiction.").

In addition, to the extent Shafique asserts a claim arising from the Marshals Service's purported failure to "provide" or "present" the eviction writ, *see* ECF No. 1-1 at 11, she has not shown that the FTCA waives sovereign immunity for such a claim.[5] As the Marshals Service argues, Shafique "points to no duty or obligation for [it] to retain a copy of the writ or provide it upon request." ECF No. 35-1 at 19. Even if she had, she has not shown that a breach of that duty "is a

---

[4] "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case," *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002), and even when, as here, the plaintiff proceeds pro se, *see, e.g.*, *Rhodes v. Superior Ct. of D.C.*, 303 F. Supp. 3d 1, 5 (D.D.C. 2018).

[5] Shafique requests that the Court "take judicial notice that the United States Marshals Service fails to present any writ authorizing the ejectment of Rifat Shafique from her home." ECF No. 1-1 at 14. Though Federal Rule of Civil Procedure 201(b) permits "[a] court [to] . . . take judicial notice of any fact not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *Bernhardt v. Islamic Republic of Iran*, 18-cv-2739 (TJK), 2023 WL 2598677, at *5 (D.D.C. Mar. 22, 2023) (cleaned up), Shafique's disputed allegation that the Marshals Service failed to produce the eviction writ is not properly the subject of judicial notice, especially at this stage of the litigation.

tort cognizable under District of Columbia law." *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1158 (D.C. Cir. 1985); *see Gutrejman v. United States*, 527 F. Supp. 3d 1, 4 (D.D.C. 2021) ("FTCA waives sovereign immunity . . . where state law would make a private person liable in tort."). Thus, the Court lacks subject-matter jurisdiction over any such claim because Shafique has not shown that it "state[s] a cause of action under District of Columbia tort law." *Art Metal-U.S.A., Inc.*, 753 F.2d at 1160.

Third, even if Shafique's complaint stated a viable FTCA claim, it would be time barred by the statute of limitations. *See* 28 U.S.C. § 2401(b). Under the FTCA,

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of [the] mailing . . . of notice of final denial of the claim by the agency.

*Id.* Here, Shafique submitted an administrative claim to the Marshals Service in March 2023 related to the agency's "unlawful eviction" with an "unverified writ." Although the Marshals Service mailed Shafique a notice denying this claim in June 2023, *see* ECF No. 35-2 at 88–90, Shafique did not file suit in D.C. Superior Court until October 2024, *see* ECF No. 1-1 at 19–23, well after the six-month window had closed.[6]

True, the FTCA's statute of limitations may be equitably tolled. *See United States v. Wong*, 575 U.S. 402, 420 (2015). But Shafique has not shown any grounds for the Court to do so. To receive the benefit of equitable tolling, Shafique "must show (1) that [s]he has been pursuing h[er]

---

[6] "Because statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014) (citation omitted). That said, Shafique alleges in the complaint that she "filed complaints and tort claims against the United States Marshals Service, all to no avail." ECF No. 1-1 ¶ 5. Thus, the Court may consider, as documents "incorporated by reference" into the complaint, *Campaign Legal Ctr. v. Fed. Election Comm'n*, 860 F. App'x 1, 2 n.1 (D.C. Cir. 2021), the administrative complaints and denial notices attached to the Marshals Service's motion to dismiss, *see, e.g.*, ECF No. 35-2 at 5–14, 85–86, 88.

rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020). She has shown neither. She asserts that she never received the agency's notice denying her claim and baldly alleges that her purported signature on the Marshals Service's certified mail receipt is a forgery. *See* ECF No. 39 at 10. But those arguments fail to support equitable tolling for two reasons.

For one, the six-month limitations period "unambiguously . . . runs 'from the date of mailing,'" and Shafique did not have to "receive the denial [notice] in order to commence the six-month limitations period." *Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014) (quoting 28 U.S.C. § 2401(b)).

For another, Shafique "was entitled to deem h[er] administrative claim denied six months after [s]he submitted [the] claim . . . and could have filed an action in federal district court thereafter." *Lonero v. United States*, No. 22-10317, 2022 WL 3544401, at *3 (5th Cir. Aug. 18, 2022) (citing 28 U.S.C. § 2675(a)). So even assuming the Marshals Service had not responded to her claim within six months—*i.e.*, by early September 2023—she waited for over a year before filing in the District of Columbia Superior Court. She offers no explanation for that delay. "Equitable tolling does not apply where . . . the failure to timely file is attributable to what is at best a garden variety claim of excusable neglect." *Id.* (citation modified).[7]

---

[7] Shafique submitted another administrative complaint to the Marshals Service around early June 2024, about four months before she filed this suit. *See* ECF No. 35-2 at 93–94. The Marshals Service asserts that it did not deny or otherwise respond to that complaint because it "s[ought] redress for the same injuries arising out of the March 8, 2023 eviction," ECF No. 35-1 at 18, and "appeared to raise the same or similar claim that [was] previously denied on June 2, 2023," ECF No. 35-2 ¶ 8. Even if this later-filed complaint asserted new claims not subject to the same six-month statute of limitations period as her March 2023 complaint, Shafique has not shown that she exhausted her administrative remedies as to those claims. If an agency fails to issue a "final disposition of a claim *within six months after it is filed*," a claimant may sue "any time *thereafter*." 28 U.S.C. § 2675(a) (emphasis added). But here, Shafique jumped the gun, suing just four months after submitting this administrative claim. Thus, even assuming any claims in this

## IV.    Conclusion

For all the above reasons, the Court will grant the Marshals Service's motion to dismiss for lack of subject-matter jurisdiction.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 11, 2026

---

later-filed complaint are not time barred under section 2401(b), the Court nonetheless lacks jurisdiction to consider them under section 2675(a).